UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| REDINNO L. S. VADEN,<br>    *Plaintiff*,<br><br>*v.*<br><br>STATE OF CONNECTICUT,<br>CONNECTICUT DEP'T OF CORRECTIONS,<br>THERESA LANTZ, BRIAN MURPHY,<br>WALTER FORD, LORI RICKS, ROBERT GILLIS,<br>ROBIN BOURNE, JAMES FOLEY, and<br>JOHN ALVES,<br>    *Defendants*. | No. 06-cv-71 (JBA) |

**RULING ON PLAINTIFF'S MOTIONS FOR LEAVE TO FILE AND TO RE-OPEN**

Familiarity with the facts and procedural history of this case is presumed from the Court's prior rulings. The Court granted summary judgment on all counts to the defendants in this action on May 30, 2008 [Doc. # 64], and judgment entered on June 2, 2008 [Doc. # 65]. Nonetheless, following the entry of judgment, the plaintiff has filed a "response" to the Court's ruling, in which plaintiff's counsel requests to file the plaintiff's Local Rule 56(a)(2) statement of material facts in opposition to summary judgment, and a motion for reconsideration, which largely repeats the arguments set forth in the motion for leave to file.

1

**The motion for leave to file**

Plaintiff's counsel cites no authority for the procedural endeavor which the motion for leave to file undertakes, and does not indicate whether it is lodged under Rule 6's catch-all out-of-time filing provision, or Rule 60's relief from judgment provision. Both require, in relevant part, a showing of excusable neglect in order to accord relief from either a filing deadline or a judgment. Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect"); Fed. R. Civ. P. 60(b)(1) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect").

Plaintiff's counsel explains that she had "a great deal of difficulty" filing documents using the Court's CM/ECF system, and believed that she had successfully filed the plaintiff's complete Local Rule 56 statement on time. Importantly, Attorney Jennings states that "[t]oday[,] when Plaintiff's Counsel received electronic notification of the Court's Ruling on Defendants' Motion for Summary Judgment[,] was the *first time* Plaintiff's Counsel was aware that the electronic filing of this document was not successful."[1]

Notwithstanding the fact that her professed misunderstanding of the CM/ECF

---

[1] Pl.'s Mot. to File at 1 (emphasis added).

system has not prevented her from timely filing any other pleadings in this case, counsel's version of events does not square with the record. On March 13, 2008 – seventy-eight days before the Court's summary judgment ruling – the defendants filed a reply to plaintiff's opposition to summary judgment which set forth over five pages the defendants' position that serious flaws existed in the plaintiff's Local Rule 56 statement, including that "Plaintiff Has Failed to Refute Defendants' Local Rule 56(a)(1) Statement," that the statement consisted of "inadmissible, conclusory, and self-serving accusations," and that "[c]ontrary to the mandates of the Local Rule, the plaintiff has failed to either admit or deny defendants' Rule 56(a)(1) Statement."[2] Even the most casual reading of the defendants' reply brief would alert the reader to a problem with the plaintiff's incomplete Local Rule 56 statement. Indeed, in light of the centrality of the plaintiff's Local Rule 56 infirmities to the defendants' reply brief, plaintiff's counsel's contention that she had no notice of the plaintiff's failure to comply with Local Rule 56(a)(2) strongly suggests that she failed to read the reply brief. Counsel's failure to investigate the plaintiff's Local Rule 56 shortcomings expressly pointed out by the defendants well in advance of the Court's summary judgment ruling does not constitute excusable neglect, *Asbestos Pers. Injury Plaintiffs v. Travelers Indem. Co.*, 476 F.3d 118, 124 (2d Cir. 2007) ("[A]bsent extraordinary circumstances, attorney inadvertence is not excusable neglect"); *Bruce v. Cmty. Renewal Team, Inc.*, No. 03-cv-1340, 2005 U.S. Dist. LEXIS 1277 at *4 (D.

---

[2] Defs.' Reply [Doc. # 63] at 2, 3, and 4.

Conn. Jan. 27, 2005) ("The Second Circuit has consistently declined to relieve a client under [Rule 60(b)(1)] of the 'burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of court, or [her] inability to effectively manage [her] caseload.'") (quoting *United States v. Cirami*, 535 F.2d 736, 739 (2d Cir.1976) (second and third alterations in original).

**The motion to re-open**

In his motion to re-open, Mr. Vaden requests "[r]elief from [j]udgment . . . and/or in the alternative, that the Court reopen of the above referenced matter."[3] The standard for granting reconsideration of a ruling is "strict," with reconsideration to be "denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). There are few reasons sufficient for a court to grant reconsideration; these are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation omitted). These authorities make clear that reconsideration will "not be granted where the moving

---

[3] Pl.'s Mot. to Re-Open at 1.

4

party seeks solely to relitigate an issue already decided," *Shrader*, 70 F.3d at 257.

Even assuming *arguendo* that the plaintiff had demonstrated excusable neglect as discussed above, the Local Rule 56 filing which he now offers would not change the Court's summary judgment ruling. The proposed filing [Doc. # 67] does not identify what, if any, law or evidence was overlooked by the Court which would alter the outcome in this case. Rather, the plaintiff's proposed filing cites precisely the same evidence referred to in Mr. Vaden's opposition to summary judgment, *i.e.*, his deposition and Connecticut Commission on Human Rights and Opportunities complaints. The Court has already carefully considered this evidence and found it insufficient as a matter of law to forestall summary judgment, rendering reconsideration of the same evidence futile.

**Conclusion**

For the reasons set forth above, the plaintiff's motion to file his Local Rule 56(a)(2) statement out of time [Doc. # 66] and motion to re-open the case [Doc. # 68] are DENIED.

IT IS SO ORDERED.

/s/
_____
JANET BOND ARTERTON, U.S.D.J.

Dated at New Haven, Connecticut, this 8th day of July, 2008.